UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT MARTINEZ,<br>TDCJ No. 1931397,<br><br>Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | § § § § § § § § § § § § § | Civil No. SA-16-CA-1305-DAE |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Robert Martinez's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docket Entry "DE" 1). Martinez raises a variety of allegations in his petition challenging the constitutionality of his guilty plea and subsequent state conviction for driving while intoxicated ("DWI") as a habitual offender. In response, Respondent Davis moved to dismiss the petition as time-barred (DE 12). For the reasons set forth below, Martinez's federal habeas corpus petition is indeed untimely and is dismissed with prejudice as barred by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Petitioner is also denied a certificate of appealability.

### Background

In August 2013, Petitioner was indicted in Bexar County, Texas, for felony DWI. The indictment, which shows Petitioner had two previous convictions for DWI, also contained two enhancement paragraphs alleging prior convictions for burglary of a habitation and robbery. (DE 13-2 at 18). Petitioner pleaded nolo contendere and was sentenced to seven years' imprisonment pursuant to the terms of the plea bargain agreement. *State v. Martinez*, No. 2013-

CR-6698 (186th Dist. Ct., Bexar Cnty., Tex. May 19, 2014). Because he waived his right to appeal, the Fourth Court of Appeals dismissed Petitioner's appeal in August 2014. *Martinez v. State*, No. 04-14-412-CR (Tex. App.—San Antonio, Aug. 6, 2014, no pet.).

Petitioner was granted three extensions of time—up to February 2, 2015—by the Texas Court of Criminal Appeals to file a petition for discretionary review ("PDR"), but never did so. On February 27, 2015, the Texas Court of Criminal Appeals issued an Official Notice that the time for filing the PDR had expired. *Martinez v. State*, No. PD-1414-14 (Tex. Crim. App.). According to information provided by Petitioner in his state court records (DE 13-37 at 29), he then waited until February 26, 2016, to execute his state habeas corpus application, which was ultimately denied without written order on the findings of the trial court without a hearing on August 10, 2016. *Ex parte Martinez*, No. 33,162-17 (Tex. Crim. App.). The instant federal habeas petition was placed in the prison mail system on December 16, 2016, and file-marked on December 22, 2016.

## Analysis

Respondent contends that Martinez's federal petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Under the AEDPA, a state prisoner has one year to file a federal petition for habeas corpus, starting, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Petitioner's conviction became final February 2, 2015, when his extension for filing a PDR with the Texas Court of Criminal Appeals expired. *See Gonzales v. Thaler*, 565 U.S. 134, 154 (2012) (holding that when a federal habeas petitioner does not appeal to his state's highest court, his conviction became final when his time for seeking review with the state's highest court expires); *see also*

2

*Brown v. Thaler*, 455 Fed. App'x 401, 405 (5th Cir. 2011) (unpublished) (noting that, when an extension to file a PDR has been granted, but no PDR filed, the date it was due is the date on which the petitioner could no longer seek further direct review).[1] As a result, the limitations period under § 2244(d) for filing his federal habeas petition expired a year later on February 2, 2016, unless it is subject to either statutory or equitable tolling.

Section 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." But as discussed previously, Martinez's state habeas application was not filed until February 26, 2016, over three weeks after the limitations period expired. Because the state habeas application was filed after the expiration of the one-year statute of limitations, Martinez's state habeas proceedings had no tolling effect on the limitations period in this case. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, Martinez's § 2254 petition, filed on December 16, 2016—over ten months after the limitations period expired—is untimely. However, even if Martinez's state habeas application had been filed prior to the limitations period, it would only have tolled the limitations period for 167 days, making his federal petition due on August 12, 2016. Because Martinez did not file his § 2254 petition until four months later, his petition would still be untimely regardless of whether statutory tolling was applied.

Finally, Martinez has not persuaded this Court to equitably toll the limitations period in this case. The Supreme Court has made clear that a federal habeas corpus petitioner may avail

---

[1] Respondent incorrectly concludes that the date Martinez's conviction became final was February 27, 2015. (DE 12 at 7). However, this is the date of the Court of Criminal Appeals' Official Notice that the time for filing a PDR had expired, not the actual expiration date itself. Because a conviction becomes final on the date Martinez's extension to file a PDR expired, February 2, 2015, is the correct start date for purposes of § 2244(d).

3

himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). But equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Here, Martinez provides a litany of arguments as to why the untimeliness of his petition should be excused, including: (1) denial of a complete record; (2) trial counsel's refusal to provide his files; (3) the prison law library and legal materials are inadequate; (3) law library personal and "jailhouse" lawyers are unhelpful; (4) harassment from correctional officers resulting in lost files and his legal work becoming disarrayed; (5) his inability to afford a copy of the record; and (6) his own ignorance of the law. (DE 1, 3, 19). However, Martinez's circumstances regarding the unavailability of his record are not "rare and exceptional" in which equitable tolling is warranted. *See Tiner v. Treon*, 232 F.3d 210 (5th Cir. 2000) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling). Nor are the alleged deficiencies in the prison law library's staff and legal materials. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling).

Moreover, Martinez's lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process also do not justify equitable tolling. *U.S. v. Petty*, 530 F.

3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Because Martinez failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

Accordingly, it is **ORDERED** that Respondent Davis's Motion to Dismiss (DE 12) is **GRANTED** and Martinez's § 2254 petition (DE 1) is **DISMISSED WITH PREJUDICE** as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). Further, Martinez failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings. The referral of this cause to the Magistrate Judge is hereby **WITHDRAWN**, and all other pending motions, including Petitioner's Motion to Produce Record (DE 22), are **DENIED** as moot.

It is so **ORDERED**.

SIGNED this 12 day of May, 2017.

DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE